## BEVILLE v. SOUTHERN BELL
No. 82-610

County Court, Alachua County

August 2, 1982

Elmo Beville, in proper person.

Katherine B. Hilburn, for defendant.

STEPHEN P. MICKLE, County Judge

This cause was heard before the Court on Plaintiff's claim for refund of monthly charges associated with his Trimline® telephone. Upon presentation of the evidence, including the letters attached to Plaintiff's Statement of Claim, and Defendant's General Subscriber Service Tariff A14.2.3, and having heard argument of both parties, the Court makes the following findings of fact and conclusions of law:

Findings of Fact

1. Plaintiff, Elmo Beville, a subscriber of Defendant, Southern Bell Telephone and Telegraph Company, obtained a Touchtone Trimline® telephone from Defendant in October 1973, pursuant to the Single Payment Option plan set forth in Defendant's General Exchange Tariff Section 17AU.

2. On October 11, 1973, the Defendant's service representative wrote the Plaintiff acknowledging receipt of Plaintiff's $74.00 payment and advising the Plaintiff that he would not be billed the premium charges or monthly charges again for the Trimline® telephone in the Bell System.

3. Effective December 1, 1981, General Subscriber Service Tariff A14.2.3 (formerly General Exchange Tariff Section 17AU) was revised, subjecting all Touchtone Trimline® telephones furnished for a one-time Single Payment Option charge prior to December 1, 1981, to an additional $2.25 monthly charge.

4. Effective December 1, 1981, Defendant began billing Plaintiff the $2.25 monthly charge for the Trimline® telephone in accordance with the revised tariff and said charges, which were paid by the Plaintiff, are the subject of this action.

## Conclusions of Law

1. Defendant is a public utility furnishing service in Florida and is subject to the jurisdiction of the Florida Public Service Commission. F.S. §364.01.

2. The Florida Public Service Commission has exclusive jurisdiction to establish the rates charged for service rendered by the Defendant. F.S. §364.01.

3. It is unlawful for Defendant to charge, demand, collect, or receive for any service rendered any compensation other than the charge applicable to said service as specified in the General Subscriber Service Tariff. F.S. §364.08-09.

4. It is unlawful for Defendant to give any undue or unreasonable preference or advantage to any person. F.S. §364.10.

5. Deviation from the rates set forth in the General Subscriber Service Tariff is prohibited even though the Defendant may have specifically contracted to charge a different amount. *Louisville & Nashville Railroad Company v. G. A. Maxwell,* 237 U.S. 94 (1914); *Corporation de Gestion Ste-Foy, Inc. v. Florida Power & Light Company,* 385 So.2d 124 (Fla. 3rd D.C.A. 1980).

Based upon the Court's determination that the charges for which the Plaintiff claims refund are prescribed by Defendant's General Subscriber Service Tariff and further upon the determination that the tariff is binding upon both the Plaintiff and Defendant and the charge stated therein is the only lawful charge for the Trimline® telephone,

IT IS ADJUDGED that Plaintiff, Elmo Beville, take nothing by this action and that Defendant, Southern Bell Telephone and Telegraph Company, go hence without day, each party to bear its own costs.